**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Case No.:

DENISE HARPER,

    Plaintiff,

vs.

SARASOTA ORTHOPEDIC ASSOCIATES, LLC,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Denise Harper (hereinafter "Plaintiff") sues the above Defendant, Sarasota Orthopedic Associates, LLC (hereinafter "Defendant") for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and alleges as follows:

### PARTIES

1. Plaintiff was employed by Defendants from December 13, 2018 to January 8, 2019, and worked out of their office located at 2750 Bahia Vista Street, Suite #100, Sarasota, Florida 34239. At all times material hereto she has been a resident of Sarasota County.

2. Defendant Sarasota Orthopedic Associates, LLC is a Florida limited liability company that provides medical patients with orthopedic treatments, tests and evaluations. At all times material hereto, Defendant had a principal place of business at 2750 Bahia Vista Street, Sarasota, Florida 34239.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, because this action involves a federal question under the Americans with Disabilities Act.

4. This Court has original and personal jurisdiction over this action because the Defendants are engaged in business within the state of Florida, and the action complained of occurred in Florida.

5. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendants own and operate facilities in Sarasota County, and the unlawful conduct occurred within the Tampa Division of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff began working for Defendant on December 13, 2018.

7. Plaintiff was employed as the director of Human Resources. In this position, she was in charge of all HR staff and duties.

8. Plaintiff was rushed to the hospital on January 3, 2019, and was diagnosed with internal bleeding, among other symptoms.

9. Due to this medical emergency, Plaintiff was unable to walk, stand, lift, bend, or work, and had severe fatigue that rendered her incapable of caring for herself or performing manual tasks.

10. Plaintiff informed Defendant's CEO, Doug Badertscher, of her condition and that she would not be able to work. Additionally, she informed Mr. Badertscher that her doctors would likely release her back to work within approximately two (2) weeks, and requested this time off to recover as a reasonable accommodation.

11. Mr. Badertscher acknowledged this information by facilitating the sending of flowers to Plaintiff's hospital room from Defendant.

12. On January 8, 2019, shortly after being released from the hospital, Mr. Badertscher sent an E-Mail to Plaintiff informing her that she was being terminated. He stated, "At this time we are

choosing to go in a different direction with the Director of HR, as we are well behind where we need to be due to unforeseen events on our side, and now yours." This E-Mail message is attached hereto as Exhibit "1."

## COUNT I: DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

13. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-12 above.

14. Plaintiff was an employee of Defendant pursuant to the ADA.

15. Defendant was and is an "employer" within the meaning of Title I of the ADA, in that they employ more than 15 employees.

16. Plaintiff suffered the adverse employment action of termination on January 8, 2019.

17. At the time of the adverse employment action, Plaintiff was disabled within the meaning of the ADA, as her injuries substantially interfered with one or more major life activities. Because of her injuries, Plaintiff experienced substantial interference with her ability to walk, stand, lift, bend, or work, and had severe fatigue and pain that rendered her incapable of caring for herself or performing manual tasks

18. During the relevant period, Plaintiff was a qualified individual in that she could perform the essential functions of her job as the Director of HR with reasonable accomodations.

19. Plaintiff was discriminated against based on her disability, specifically by being terminated immediately upon becoming disabled, and by Defendant's failure to grant her a short absence from work to recover.

20. As a result of Defendant's discrimination, Plaintiff suffered damages, including compensatory damages, lost wages, lost benefits, and other pecuniary damages.

21. Defendant's conduct also constitutes a willful violation of the ADA, and as such Plaintiff

is entitled to punitive damages.

22. All prerequisites and preconditions to filing this lawsuit have been fulfilled or completed.

## COUNT II: ATTORNEY'S FEES

23. Plaintiff has employed the undersigned law firm for representation in this action, and has agreed to pay a reasonable fee.

24. Plaintiff is entitled to recover reasonable attorney's fees and costs incurred in connection with this action pursuant to 42 U.S.C. § 12117.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 10th day of February, 2020, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
Email: nick@buckmanandbuckman.com
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
Email: attorney@buckmandbuckman.com
**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL  34231
Telephone:    (941) 923-7700
Fax:                (941) 923-7736

*Attorneys for Plaintiff*